996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Marvin HAYES, Defendant-Appellant.
 No. 91-10331.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hayes appeals pro se his conviction by guilty plea of receiving obscene matters in interstate commerce in violation of 18 U.S.C. § 1462(a). He argues that the government entrapped him into committing the crime and that the actions of Customs Service investigators constituted outrageous government conduct. We conclude that these arguments were waived by his unconditional guilty plea. We affirm.
 
 I.
 
 3
 We address the threshold question whether Hayes may raise issues of entrapment and outrageous government conduct after entering a guilty plea. As a general rule, a guilty plea erases claims of constitutional violation arising before the plea. United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended in part, 907 F.2d 115 (9th Cir.1990). We may reach the merits only if there has been a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2). Hayes did not condition his plea and did not expressly reserve the right to appeal any specific pretrial motion.
 
 
 4
 Under a narrow exception to the general waiver rule, we may reach the merits on appeal if the appellant raises a "jurisdictional" claim. This doctrine is limited to cases where the district court could determine at the time of accepting the plea, from the face of the indictment or from the record, that the government lacked the power to bring the indictment. Id. Here, the exception does not apply. Hayes could not prove the entrapment and outrageous conduct allegations without an evidentiary hearing, trial testimony or some other proceeding. On its face, the indictment alleged an offense that was within the government's power to prosecute.
 
 
 5
 We hold that by pleading guilty, Hayes waived his claims.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3